# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CESAR R. BANKS,

      Plaintiff,

      v.                              Case No. 10-C-410

JULIE HOOPER,
and BELINDA SCHRUBBE,

      Defendants.

---

## ORDER

Pro se plaintiff, Cesar R. Banks, is proceeding in forma pauperis under 42 U.S.C. §

1983, on a claim that he was unable to read and suffered burning pain in his eyes because

the defendants refused to provide him with the new eyeglasses prescribed for him.  On

February 8, 2011, defendants filed a motion to compel plaintiff to sign a proposed

authorization for release of his medical information.

Plaintiff has not responded to this motion[1], but the record shows that he twice replied

by letter to defense counsel stating that the proposed medical release was too broad

because it sought release of his entire medical file, while he believed that only records

---

[1] It appears that plaintiff was released from prison before defendants filed their motion, and may not have received notice of the motion.  (See December 22, 2010 docket entry indicating that plaintiff's copy of the scheduling order issued by the court on December 13, 2010, was returned as undeliverable by the postal service).  If plaintiff fails to respond to any future motions as required by the briefing schedules set forth in Civil Local Rules 7 and 56 (E.D. Wis.), this action will be dismissed with prejudice for failure to prosecute pursuant to Civil Local Rule 41(c) (E.D. Wis.) and Federal Rule of Civil Procedure 41(b).  Plaintiff was informed by Order of May 14, 2010, at 4, that parties are required to notify the Clerk of Court of any change of address.  Failing to provide an updated address does not excuse plaintiff from his obligation to diligently prosecute this action.

related to his eyes and eyeglasses were relevant and discoverable. (See plaintiff's letters dated June 1, 2010 and July 14, 2010, at Doc. # 23-2 and 23-4). Defendants significantly narrowed their request in response to the objections raised by plaintiff, but still requested comprehensive medical records rather than limiting their request to the optical issues contested in this case. (See counsel's letter dated September 15, 2010, and attached authorization form, both at Doc. # 23-5). Defendants' motion to compel plaintiff to sign the authorization for release of medical information is therefore denied because the proposed authorization remains overly broad.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendants' motion to compel (Doc. # 21) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall timely respond to any future filings or face dismissal for failure to diligently prosecute this action.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2011.

/s _____
LYNN ADELMAN
District Judge